## WARREN HINCKLEY *et al.* Petitioners, &c.

Where an application is made to the county commissioners, under *St.* 1786, *c.* 67, § 1, for a jury to assess the damages sustained in consequence of the location of a private town way over the lands of the applicant, by the selectmen of a town, notice of such application should be given to the town.

The appearance of the town before the jury ordered by the county commissioners in pursuance of such application, was *held* not to be a waiver by the town of the objection that no such notice was given; for neither the sheriff nor the jury could have acted upon such objection.

THIS was a petition to the county commissioners for a jury to estimate the damages sustained by the petitioners, in consequence of the laying out of a pent road over their lands, by the selectmen of the town of Lee, for the use of the town.

It appeared, that the application was granted and a jury

<div style="margin-left:2em">Hinkley,
et al.
Petitioners,
&c.</div>

ordered in pursuance thereof; that the jury, after notice to the town, and the appearance of the selectmen, and upon a full hearing, returned a verdict, and assessed the damages of the petitioners.

In the Court of Common Pleas, *Cummins* J. presiding this verdict was rejected, on the ground, that no notice of the pendency of the petition to the county commissioners for a jury, was ordered by the commissioners to be given to the town. To this decision the petitioners excepted.

*Sept. 11th.* *Dwight* supported the exception.

*Porter*, contrà, cited *St.* 1827, c. 77, § 12; *Commonwealth v Coombs*, 2 Mass. R. 489; *Commonwealth v. Cambridge*, 4 Mass. R. 627; *Commonwealth v. Cambridge*, 7 Mass. R. 158; *Commonwealth v. Chase*, 2 Mass. R. 170; *Commonwealth v. Peters*, 3 Mass. R. 229; *Commonwealth v. Egremont*, 6 Mass. R. 491; *Central Turnpike Corporation, Petitioners*, 7 Pick. 13; *St.* 1804, c. 125, § 2.

*Sept. 12th.* *Per Curiam.* This proceeding was had in pursuance of *St.* 1786, c. 67, § 1. It provides, that persons through whose land a private way for the use of a town shall be laid out, shall receive such recompense as they and the selectmen shall agree upon, to be paid by the town, or as shall be ordered by the justices of the Court of Sessions, on inquiry by a jury, or by a special committee, *if the parties agree thereunto.* This provision clearly implies, that the parties are to have an opportunity to agree upon the amount of damages, or on a special committee to assess them, before a jury is ordered, and, for this purpose, that they are to have notice of the application, before the order passes. Here the town was a party immediately interested, and as such entitled to notice. The case of *Central Turnpike Corporation, Petitioners*, 7 Pick. 13, is directly in point.

The appearance of the town before the sheriff's jury was not a waiver, because neither the sheriff nor the jury could sustain the exception or act upon it, if it had been taken.

*Exceptions overruled and judgment of the Court of Common Pleas affirmed.*